UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

DORIS LEE VAUGHN,
　　　　　*Plaintiff-Appellant,*

v.

DONNA E. SHALALA,
　　　　　*Defendant-Appellee.*

No. 99-2071

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-97-3385-AW)

Argued: June 5, 2001

Decided: July 31, 2001

Before WIDENER and WILLIAMS, Circuit Judges, and
Robert R. BEEZER, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Claudia Adeline Barber, Laurel, Maryland, for Appellant.
Larry David Adams, Assistant United States Attorney, Baltimore,
Maryland, for Appellee. **ON BRIEF:** Lynne A. Battaglia, United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellant Doris Lee Vaughn ("Vaughn") is an employee of the U.S. Department of Health and Human Services ("Agency"). Vaughn's complaint seeks enforcement of a Settlement Agreement ("Agreement") Vaughn entered into with the Agency after she filed an EEO complaint alleging that she had been passed over for promotion because of her race.

The Agreement provides that the Agency would retroactively promote Vaughn to Procurement Assistant at a GS-07, step 4, rate of pay, effective August 26, 1990. The Agreement further provides that the Agency would reassign Vaughn to the position of Purchasing Agent at the GS-07 level (the then-current career-ladder promotion potential) and upgrade Vaughn without competition if it upgraded the full promotion potential of this position. The Agreement also states: "The agency agrees that affecting the retroactive promotion action eliminates any overpayment." The Agency agreed to comply with the terms of the Agreement within 90 days of its execution date of August 23, 1993.

The Agency reassigned Vaughn to the position of Purchasing Agent at the GS-07, step 4 level, as provided by the Agreement. When the Agency upgraded the full promotion potential of this position to the GS-08 level in April 1994, the Agency upgraded Vaughn accordingly. In May 1994, the Agency created a Purchasing Agent GS-09 position but did not automatically upgrade Vaughn for this position; rather, the Agency promoted Vaughn in May 1995 after she successfully competed for this position.

On January 5, 1994, the Agency issued Vaughn a $1,627.39 check, representing retroactive wages at the GS-07, step 4 rate, including

upward pay adjustments, as the Agreement provided. This amount offset an overpayment the Agency had issued to Vaughn in 1992.[1]

Vaughn subsequently requested that the Agency reopen her prior EEO complaint from the point at which processing had ceased. She contended that the Agency breached the Agreement, and did so in retaliation, by not promoting her to a GS-08 position in September 1993 and to GS-09 in April 1994 without competition. She further asserted that the Agency wrongly, and in retaliation, deducted the overpayment from the retroactive wage increase she received.

The Agency investigated the matter and concluded that (1) Vaughn failed to timely raise her allegations and (2) the Agency did not breach the Agreement. Vaughn appealed to the EEOC, which determined that although Vaughn had timely filed her allegations, the Agency had complied with the Agreement.

Vaughn then filed this action claiming, inter alia, breach of contract and retaliation in violation of Title VII. The district court granted summary judgment and dismissed all of Vaughn's claims against the Agency. The court, however, used its equitable powers to grant Vaughn $156, because it determined that the Agency "had not followed the correct procedures when deducting that amount from her back pay award." The court stressed that such relief "was not related to the substance of Plaintiff's claims in the underlying suit."

Vaughn subsequently moved for an Award of Attorney's Fees and Costs. The court held that Vaughn failed to present an adequate basis for a late filing, and, alternatively, that attorney's fees were inappropriate because Vaughn was not a prevailing party within the meaning of 42 U.S.C. § 2000e-5(k) or § 1988.

Vaughn timely appeals. She argues that the district court erred in granting the Agency's motion for summary judgment of dismissal of her breach of contract and retaliation claims; and that the court abused

---

[1] The Agency discovered, when calculating her retroactive wage increase, that it had incorrectly paid Vaughn as a GS-07, step 5, for a short period of time, creating an overpayment of $156.

its discretion by enforcing time limits and by refusing to award attorney's fees.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

I

Vaughn argues that the district court erred in granting summary judgment of dismissal in favor of the Agency on her breach of contract claim. We review the district court's judgment de novo. *Riddick v. Sch. Bd.*, 238 F.3d 518, 522 (4th Cir. 2000).

Vaughn first asserts that the court erred in holding that the Agreement did not require the Agency to continue to promote Vaughn without competition for the duration of her employment with the Agency. We disagree.

The parties' briefs agree that federal law controls the interpretation of the Agreement. We must ascertain the meaning and intent of the parties as expressed in the language utilized. *Sand Filtration Corp. v. Cowardin,* 213 U.S. 360 (1909); *CSX Transp., Ltd. v. United Transp. Union*, 29 F.3d 931, 936 (4th Cir. 1994).

The plain language of the Agreement supports the court's conclusion that the Agreement does not contemplate lifetime upgrades without competition. The Agreement expressly provides that if "the full promotion potential for the GS-1105 series is upgraded, Complainant will be eligible for *the* upgrade without competition." (Emphasis added.) This language suggests that the Agreement contemplated only one such upgrade without competition, not any and all possible upgrades throughout the duration of Vaughn's employment. The 90-day compliance provision provides further support for such a reading. The Agreement requires no upgrades without competition beyond that to the GS-08 level, which Vaughn received.

Vaughn next argues that the court erred in determining that the Agency did not breach paragraph five of the Agreement, which provides: "The Agency agrees that affecting the retroactive promotion action eliminates any overpayment." Vaughn urges that a reasonable

interpretation of the Agreement requires that the Agency could not deduct any overpayment from the retroactive wage increase she received.

The district court correctly concluded that this provision permits the Agency to take overpayment into account when calculating the retroactive wage increase, and that after doing so, any overpayment is eliminated. This is exactly what the Agency did. Moreover, because the court ordered the Agency to refund the amount of overpayment deducted, Vaughn has not been damaged by the deduction.

## II

Vaughn argues that the district court improperly concluded that Vaughn failed to establish a prima facie case of retaliation. Specifically, Vaughn says that the Agency took adverse action against her by (1) failing to provide her with the retroactive wages contemplated by the Agreement; (2) failing to comply with the Agreement within the 90-day period; (3) deducting the overpayment, rather than eliminating it; (4) failing to provide sufficient documentation of the deducted overpayment; and (5) failing to provide Vaughn with the opportunity to contest the overpayment.

We review the district court's judgment of dismissal of retaliation claims de novo. *Riddick*, 238 F.3d at 522.

To prove a prima facie case of retaliation, Vaughn must show that (1) she engaged in protected activity; (2) she suffered an adverse employment action at the hands of the Agency; and (3) the Agency took the adverse action because of the protected activity. *See Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001).

Summary judgment dismissing Vaughn's retaliation claim was appropriate because the Agency's actions were not adverse, had no causal connection to Vaughn's protected activity, and were taken for nondiscriminatory reasons. As discussed in Part I, the Agency complied with the Agreement and attempted to do so within the 90 day time period; it was the Treasury that did not issue Vaughn's check within this time period. Furthermore, although the Agency had a legit-

imate right to deduct the overpayment, even if such actions were adverse, Vaughn provided no causal connection between the alleged adverse actions and her protected activity. Moreover, the Agency articulated a legitimate, nonretaliatory reason for its actions, and Vaughn failed to offer evidence of pretext. *See Smith v. First Union Nat'l Bank*, 202 F.3d 234, 248 (4th Cir. 2001).

## III

Finally, Vaughn argues that the district court abused its discretion in denying her motion to extend time to file her motion for attorney's fees. We review the denial order for abuse of discretion. *See Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 952-53 (4th Cir. 1995).

The district court correctly denied an award of attorney's fees because Vaughn was not a prevailing party.[2] *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, ___ U.S. ___, 121 S. Ct. 1835, 1841 (2001). The court granted summary judgment in favor of the Agency on *all* of Vaughn's Title VII claims. The court's award of $156 was not based upon statutory requirements, but rather upon the court's "rare use of its equitable powers . . . because it found that Defendant had not followed the correct procedures when deducting that amount from her back pay award." Such relief was totally unrelated to the substance of Vaughn's Title VII claims.

## IV

We affirm the judgment of the district court.

*AFFIRMED*

---

[2]An award of attorney's fees and costs under Title VII is authorized by 42 U.S.C. § 2000e-5(k), which states:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.